IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **HUSSAIN I. KAMAL,** | CASE NO. 4:23 CV 1210 |
| Petitioner, | |
| v. | JUDGE CHARLES E. FLEMING |
| **WARDEN FERNANDO GARZA,** | **MEMORANDUM OPINION** |
| Respondent. | **AND ORDER** |

*Pro se* petitioner Hussain I. Kamal is currently in custody at Federal Correctional Institution, Elkton. Kamal filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his 2011 conviction in the United States District Court for the Northern District of Texas.

For the reasons that follow, the Court dismisses this action.

## BACKGROUND

Kamal's petition contains very few facts. But the Court's review of the docket for the Northern District of Texas reveals that a jury convicted Kamal of enticement of a minor and travel with intent to engage in a sexual act with a minor, in violation of 18 U.S.C. §§ 2422 and 2423, and the district court sentenced Kamal to two concurrent 235-month terms of imprisonment and to supervised release for life. (*See United States v. Kamal*, Northern District of Texas, No. 3:10-CR-159-1 (Doc. No. 44)). He appealed his conviction, which the Fifth Circuit Court of Appeals affirmed. (*Id.*, Doc. No. 71). Thereafter, Kamal filed a motion to vacate his sentence under 28 U.S.C. § 2255, which the district court denied. (*See Kamal v. USA*, Northern District of Texas, No. 3:12-CV-4348 (Doc. No. 13)). Three years later, Kamal filed a motion to correct illegal/unconstitutional sentence under Rule 35 of

the Federal Rules of Criminal Procedure, which the district court construed as an unauthorized second or successive motion and transferred to the Fifth Circuit Court of Appeals. (*See United States v. Kamal*, No. 3:10-CR-159-1 (Doc. Nos. 73, 77)). Kamal appealed the transfer order, and the Fifth Circuit dismissed the appeal as frivolous. *See United States v. Kamal*, 628 Fed. App'x. 320 (5th Cir. 2016). In 2018, Kamal filed a motion for relief from judgment, which the district court once again construed as a successive motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255 and transferred the case to the Fifth Circuit. (*See United States v. Kamal*, No. 3:10-CR-159-1 (Doc. No. 85)). On July 26, 2018, the Fifth Circuit issued notice to Kamal requiring him to file a motion for authorization to proceed in the district court with a second Section 2255 motion within 30 days. (*See Kamal v. USA*, Northern District of Texas, No. 3:18-CV-1903 (Doc. No. 5)). The Fifth Circuit denied Kamal authorization to file a successive Section 2255 motion for failure to comply with the court's notice. (*See Id.*, (Doc. No. 8)).

Kamal now files this petition under Section 2241. Petitioner provides four grounds for relief: (1) the elements of the crime not proven in court; (2) the judge prejudiced the case; (3) actual innocence; and (4) ineffective assistance of counsel. (Doc. No. 1). Petitioner states that he is invoking the savings clause of 28 U.S.C. § 2255 "to obtain relief based on the substantive change in law by the Supreme Court in *Begay v. United States* …" (Doc. No. 1-1).

**STANDARD OF REVIEW**

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d

242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). This Court, however, may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

## DISCUSSION

Generally, 28 U.S.C. §§ 2255 and 2241 provide the statutory scheme for federal prisoners to obtain habeas relief. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Section 2255 provides a means by which a federal prisoner may challenge his conviction or sentence. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). By contrast, Section 2241 is appropriate for claims challenging "'the execution or manner in which the sentence is served'-- those things occurring within prison." *Taylor v. Owens*, 990 F.3d 493, 495-96 (6th Cir. 2021) (quoting *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam)). The remedy afforded under Section 2241 is not an additional, alternative, or supplemental remedy to that prescribed under Section 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Petitioner cannot raise claims in a Section 2241 petition when his attempts to obtain relief under Section 2255 are unsuccessful. *Id.* In other words, a prisoner may not use Section 2241 to get a "second bite at the apple" or to assert claims that he failed to bring before the sentencing court in a Section 2255 motion. *See Fuentes v. Sepanek*, No. 13-170-HRW,

2014 U.S. Dist. LEXIS 22754, 2014 WL 705291, at *3 (E.D. Ky. Feb. 24, 2014) (dismissing Section 2241 petition asserting ineffective assistance of counsel in connection with a plea agreement).

The "savings clause" of Section 2255(e) creates an extraordinarily narrow exception to the prohibition against challenging a conviction or sentence in a Section 2241 petition. In the Sixth Circuit, a prisoner may take advantage of this provision when, after his conviction has become final, the Supreme Court re-interprets the terms of the statute under which the petitioner was convicted, and by this interpretation excludes the petitioner's actions as a violation of the statute. *Martin v. Perez*, 319 F.3d 799, 803-804 (6th Cir. 2003); *See Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004) ("A prisoner who can show an intervening change in the law establishes his actual innocence can invoke the savings clause of Section 2255 and proceed under Section 2241"). Even under these circumstances, the petitioner must demonstrate that the remedy afforded by Section 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Martin*, 319 F.3d at 803. The Section 2255 remedy is not considered "inadequate or ineffective" simply because Section 2255 relief has already been denied, the petitioner is procedurally barred from pursuing relief under Section 2255 because he failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or because the petitioner has been denied permission to file a second or successive motion to vacate. *Charles*, 180 F.3d at 756 (citations omitted). Further, a federal prisoner cannot bring a claim of actual innocence in a Section 2241 petition through the savings clause without showing that he had no prior reasonable opportunity to bring his argument for relief. *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019).

Here, Petitioner is clearly challenging his conviction in this petition. And it appears that he is attempting to argue that an intervening change in the law establishes his actual innocence, citing

4

*Begay v. United States*, 553 U.S. 137 (2008). (*See* Doc. No. 1-1 at 1). *Begay*, however, concerned whether driving under the influence of alcohol is a "violent felony" under the Armed Career Criminal Act. *Begay*, 553 U.S. 137, 139. The decision is therefore irrelevant to Petitioner's conviction for enticement of a minor and travel with the intent to engage in a sexual act with a minor. Moreover, the *Begay* case was decided in 2008, three years *before* Petitioner's conviction. Petitioner has therefore not identified an intervening and retroactive Supreme Court decision that would afford him relief from his 2011 conviction or sentence. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012) (establishing a claim of actual innocence based on a new rule of law made retroactive by the United States Supreme Court). Nor has he demonstrated that he had no reasonable opportunity to raise his claim earlier.

Accordingly, Petitioner has not met the Sixth Circuit's requirements for demonstrating an actual innocence claim. Rather, he is merely claiming that the sentencing court got it wrong. Petitioner may not use Section 2241 to get "a second bite at the apple" or to assert claims that he failed to bring before the sentencing court in a Section 2255 motion.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 and **DISMISSES** this action pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Habeas Corpus Cases. Further, the Court **CERTIFIES** pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/ Charles Fleming*

CHARLES E. FLEMING
UNITED STATES DISTRICT JUDGE